IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD | § | |
| v. | § | CIVIL ACTION NO. 5:10cv240 |
| UNITED STATES OF AMERICA, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Keith Judd, an inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this civil action apparently complaining of alleged violations of his constitutional rights. The lawsuit was originally filed in the Northern District of California but was transferred to the Eastern District of Texas. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Judd's complaint consisted of three short numbered paragraphs. These complained that: (1) he has been denied access to federal courts in the Tenth Circuit, Fifth Circuit, Seventh Circuit, Third Circuit, and "many others," including the Court of Federal Claims and the Federal Circuit; (2) because of "unconstitutional restrictions and procedural bars" of the Anti-Terrorism and Effective Death Penalty Act of 1996, codified in 28 U.S.C. §§2254 and 2255, he is "falsely imprisoned as an innocent man without a conviction in federal courts," and (3) he is being denied access to court by 28 U.S.C. §1915(g). Judd provided no facts in support of these assertions. For relief, he requested that all of his cases be transferred to the U.S. Supreme Court under the Supreme Court's original jurisdiction under Article III, that he be granted leave to proceed *in forma pauperis*, that the Anti-Terrorism and Effective Death Penalty Act and the Prison Litigation Reform Act be declared

unconstitutional, and that he receive unspecified declaratory and injunctive relief, as well as damages.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that in Judd v. Fox, 289 Fed.Appx. 795, 2008 WL 3858574 (5th Cir., August 19, 2008), the Fifth Circuit cited Judd for "a history of vexatious and frivolous litigation in this court and many other courts," sanctioned him $500.00, and barred him from filing any more cases in any court within the jurisdiction of the Fifth Circuit until all of the sanctions imposed on him, in all of his cases, are paid in full. The Fifth Circuit also stated that in order to file any new cases, Judd was required to obtain leave from the court in which he seeks to file, and must certify that the claim which he wishes to present is a new one which has never before been raised or disposed of on the merits or which remains pending. The Magistrate Judge also cited several other cases in which Judd had incurred sanctions, which total well over $1000.00. In the present case, the Magistrate Judge found Judd failed to show that all of these sanctions had been satisfied, nor did he obtain leave of court to file, nor did he certify that the claims which he sought to raise were new. Because Judd failed to meet any of the requirements set down by the Fifth Circuit, the Magistrate Judge recommended that the case be dismissed.

Judd sought and received two extensions of time in which to file objections to the Report of the Magistrate Judge, and has filed three sets of objections. In his first set of objections, Judd states first that the Fifth Circuit made a "serious clerical error" in Judd v. Fox. Specifically, he asserts that the Fifth Circuit stated that the issue was one of "actual innocence based on insanity," but that he, Judd, never raised the issue of insanity; rather, this issue was raised by the Government. Because of this "clerical error," Judd insists that the district court cannot rely on Judd v. Fox.

Whether or not the Fifth Circuit properly characterized the specific claims raised by Judd in that case has no bearing on the validity of the sanctions imposed. Judd's contention that the district court "cannot rely" on the Fifth Circuit's decision in Judd v. Fox is without merit.

Next, Judd contends the sanctions are improper under Rule 38, Fed. R. App. P., which provides that if the Court of Appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee. Because he did not receive notice, Judd contends that the sanction order is void. However, it is not for the district court to hold that an order entered by the Fifth Circuit is void. Until this order is set aside by the Fifth Circuit or by the Supreme Court of the United States, the district court is bound to follow it. This objection is without merit.

Third, Judd claims he has a "pending motion to transfer the case to the Court of Federal Claims." This motion is wholly without merit and was properly denied by the Magistrate Judge. Court records show that Judd has already presented his claim for monetary damages for violation of the pre-trial diversion agreement to the Court of Federal Claims, and that court dismissed the claim for lack of subject matter jurisdiction because the pre-trial diversion agreement was not a "contract" within the scope of the Tucker Act. Judd v. United States, No. 05-CV-726 (Fed.Cl., December 8, 2005). This decision was affirmed by the U.S. Court of Appeals for the Federal Circuit. Judd v. U.S., 189 Fed.Appx. 951, 2006 WL 1843150 (June 28, 2006). There is no basis for a transfer of the case to the Court of Federal Claims to re-litigate an issue which has already been determined. His objection on this point is without merit.

Next, Judd is seeking return of the sanctions he has paid to the Fifth Circuit, as well as the return of money seized from him for payments to his ex-wife under the Mandatory Victims Restitution Act. He is challenging those sanctions as well as the current sanctions under the Tucker Act.

The Tucker Act, 28 U.S.C. §1491(a), grants the U.S. Court of Federal Claims jurisdiction to render judgment on any claim against the United States founded on the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. Although Judd argues that the Fifth Circuit "illegally imposed monetary sanctions in violation of the

3

Due Process and Takings Clause of the Fifth Amendment," and "took payment of numerous appellate filing fees for judicial services not rendered," he has failed to show that the "takings" imposed upon him are claims which fall within the meaning of the Tucker Act. This objection is without merit.

Judd also argues that his conviction in cause no. MO-98-CR-093 is "a fraud and void for lack of jurisdiction," because the case was stayed pending appeal and this stay has never been lifted. Thus, he believes he should be entitled to return of the fines which he paid in connection with this case. On March 19, 2001, the Fifth Circuit affirmed his conviction and sentence in this case. U.S. v. Judd, 252 F.3d 435, 2001 WL 360738 (5th Cir., March 19, 2001). This contention is without merit.

Finally, Judd complains about the removal of law books and printed materials from the prison library. This is a new issue presented for the first time in Judd's objections to the Report of the Magistrate Judge, and thus is not properly before the Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Even were it properly before the Court, the contention lacks merit because the relevant issue in this case concerns Judd's failure to meet the requirements imposed by the Fifth Circuit for him to file a new case, including the satisfaction of sanctions, receipt of permission by a judge of the Court, and certification that he is raising only new issues never before presented. These objections are without merit.

In his second set of objections, Judd claims that the Government breached its plea agreement in cause no. MO-98-CR-93, and that the breach of the pre-trial agreement satisfies the savings clause of 28 U.S.C. §2255 for a habeas petition under 28 U.S.C. §2241. He states that the transcript of the proceeding this case, which was for mailing threatening communications, shows that he is actually innocent, because he and the alleged victim were in a common-law marriage and spousal communications "cannot be used," and she testified that she did not believe that he was a criminal

4

and did not want him prosecuted. Judd asserts that claims for breach of contract (i.e. of the pre-trial diversion agreement) is not available under Section 2255, and so the Savings Clause is satisfied.

Judd's claims regarding the alleged breach of the pre-trial diversion agreement have been repeatedly presented to the federal courts, and have been repeatedly rejected. Judd v. U.S., 345 Fed.Appx. 539. 2009 WL 464745 (C.A.Fed., February 6, 2009) (rejecting civil claim for damages based on alleged breach); U.S. v. Judd, 197 Fed.Appx. 246, 2006 WL 2522213 (4th Cir., September 1, 2006) (affirming dismissal of a motion for relief from judgment and motion for enforcement of a pre-trial diversion agreement); Judd v. U.S., 189 Fed.Appx. 951, 2006 WL 1843150 (C.A.Fed., June 28, 2006) (affirming dismissal of motion to enforce pre-trial diversion agreement that the ground that such an agreement is not a "contract" within the scope of the Tucker Act); Judd v. Fox, civil action no. 1:07cv491 (E.D.Tex., October 15, 2007, *aff'd* August 19, 2008) (concluding that petitioner's claims, including his assertion regarding the pre-trial diversion agreement, failed to raise a colorable claim of actual innocence). As in his prior cases, Judd has failed to show that this contention affords him any basis for relief. His objection on this point is without merit.

In his third set of objections, Judd asserts that at a hearing on March 16, 1999, the trial judge, the prosecutor, and he, Judd, all agreed that the district court lacked jurisdiction to proceed further because there were several pending appeals at the Fifth Circuit. He states that the trial judge stayed the proceeding pending resolution of Judd's appeals. He attaches a copy of a Fifth Circuit decision noting that these appeals were resolved in 2001; however, Judd notes that his trial took place in 1999, while the case was stayed and the district court lacked jurisdiction, and so his conviction and sentence are void.

However, Judd's conviction in this case has been upheld by the Fifth Circuit. In addition, he has previously filed habeas petitions under 28 U.S.C. §2241, as well as motions to vacate sentence under 28 U.S.C. §2255, attacking this same conviction. *See, e.g.,* Judd v. Fox, civil action no. 1:07cv444 (E.D.Tex., dismissed January 28, 2008, appeal dismissed December 5, 2008) (arguing that his conviction was unlawful because the trial court lacked jurisdiction as a result of his appeal).

Judd has not shown that he has received permission from the Fifth Circuit Court of Appeals to file a successive petition; rather, on May 21, 2010, the Fifth Circuit denied him permission to file a successive petition. In addition, Judd could not proceed under 28 U.S.C. §2241 until he shows proof that all sanctions have been satisfied, which he has not done. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED for failure to show proof that all sanctions imposed upon him by the Fifth Circuit or any district court within the jurisdiction of the Fifth Circuit have been satisfied; for failure to obtain leave from a judge of this Court to file the civil action; and, for failure to certify that the claims raised herein are new ones, which have never been presented to or decided by any court within the jurisdiction of the Fifth Circuit. Such dismissal is with prejudice to the refiling of this cause until all such conditions are met. It is further

ORDERED that the Plaintiff Keith Judd is hereby WARNED that continued filing of civil actions in the Eastern District of Texas, without satisfying the requirements set out by the Fifth Circuit for the filing of new cases, may result in the imposition of additional sanctions by the Court. Finally, it is

ORDERED that any and all motions which may be pending in this cause, specifically including but not limited to the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 25) and the Plaintiff's motion for a preliminary injunction (docket no. 33) are hereby DENIED.

**SIGNED this 9th day of May, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE