IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD | § | |
| v. | § | CIVIL ACTION NO. 5:10cv240 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Movant Keith Judd, proceeding *pro se*, filed this civil action apparently complaining of violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Judd asserted that he was being denied access to various courts within the Third, Fifth, Seventh, and Tenth Circuits, as well as the Court of Federal Claims and the Federal Circuit. This denial of access apparently arose from certain unspecified "unconstitutional restrictions and procedural bars" in the Anti-Terrorism and Effective Death Penalty Act, causing him to be "falsely imprisoned as an innocent man." Judd also complained that he was being denied access to court by the "three strikes" provision, 28 U.S.C. §1915(g). He asked that all of his cases be transferred to the U.S. Supreme Court in the exercise of that Court's original jurisdiction, that he be granted leave to proceed *in forma pauperis*, that the Anti-Terrorism and Effective Death Penalty Act and the Prison Litigation Reform Act be declared unconstitutional, and that he receive unspecified declaratory and injunctive relief, as well as damages.

Judd's petition was dismissed on May 10, 2011. In dismissing his case, the Court observed that Judd had an extensive history of filing frivolous and vexatious pleadings within the Fifth Circuit as well as many other courts, which has resulted in the imposition of numerous sanctions, totaling

1

well over $1000.00. The Fifth Circuit has held that in order to file new cases, Judd must show that all of the sanctions which have been imposed on him have been satisfied in full, and he must obtain leave from the court in which he seeks to file. Judd must also certify that the claim which he wishes to raise is a new one which has never before been raised or disposed of on the merits or which remains pending. In the present case, the Court determined that Judd had failed to meet any of these requirements, and the petition was dismissed.

On May 31, 2011, Judd filed a motion to alter or amend the judgment. In this motion, Judd contends first that he filed a notice of appeal to the Federal Circuit, which requires a stay pending resolution of the appeal. He also states that he filed a motion to transfer the case to the Court of Federal Claims, which requires that no further proceedings be taken until the motion to transfer is decided. Thus, he claimed that the May 10 judgment is void and must be vacated.

On June 7, 2011, the Magistrate Judge issued a Report recommending that the motion to alter or amend the judgment be denied. The Magistrate Judge noted that Judd had failed to show that he has satisfied the sanctions imposed upon him, and concluded that his purported notices of appeal and motion to transfer were nullities. In addition, the Magistrate Judge determined that Judd's purported notice of appeal was not an appeal of a final judgment, and that the motion to transfer to the Federal Circuit was patently frivolous and in bad faith; hence, this notice of appeal did not divest the district court of jurisdiction. *See, e.g.*, Foglia v. Milby, 132 F.3d 1453, 1997 WL 802037 (5th Cir., November 11, 1997); *accord*, U.S. v. Wilkes, 368 F.Supp.2d 366, 368 (M.D.Pa. 2005) (district court may proceed after a notice of appeal is filed where the appeal is patently frivolous, it relates to a non-appealable order or judgment, or the appeal is taken in bad faith and would result in unwarranted delay) (citations omitted). The Magistrate Judge also observed that the claims which Judd sought to raise have already been presented to, and rejected by, the Court of Federal Claims and the U.S. Court of Appeals for the Federal Circuit. *See* Judd v. United States, No. 05-CV-726 (Fed.Cl., December 8, 2005), *aff'd* 189 Fed.Appx. 951, 2006 WL 1843150 (Fed. Cir. 2006). Transferring these repetitive claims would thus have served no useful purpose. The Magistrate Judge determined

that Judd had set no meritorious grounds for relief from judgment, and recommended that Judd's motion to alter or amend the judgment be denied.

Judd filed objections to the Magistrate Judge's Report on June 16, 2011. In his objections, he again refers to his notice of appeal to the Court of Federal Claims, and argues that because of this notice, the Court lacked jurisdiction to dismiss his lawsuit. He asserts that one aspect of his claim was not raised in the Court of Federal Claims because that court denied him leave to proceed *in forma pauperis* under 28 U.S.C. §1915(g), but offers nothing to show that the same statute would not bar him in the present case. The Magistrate Judge correctly determined that Judd's purported notice of appeal was not an appeal of a final judgment, and that the motion to transfer to the Federal Circuit was patently frivolous and in bad faith, and therefore did not divest the district court of jurisdiction. This claim for relief from judgment is without merit.

Judd goes on to argue that the Fifth Circuit lacks jurisdiction to bar future filings in district courts because the Fifth Circuit only has appellate jurisdiction over final decisions under 28 U.S.C. §1291. Thus, he claims that the filing bar imposed by the Fifth Circuit is "void for lack of original subject matter jurisdiction and is not binding on this Court." The U.S. District Court for the Eastern District of Texas is subject to the orders issued by the Fifth Circuit. Judd's claim on this point is without merit.

Judd notes that an opinion from the federal district court in New Jersey in 2002 referred to an inguinal hernia from which Judd suffers, and states that "the courts have sent a signal to the Bureau of Prisons that Judd will never get any relief from any federal court." As a result, he claims that the Bureau of Prisons ordered him to sign a refusal of treatment form on June 19, 2009, but he would not do so, contending that he was not refusing treatment. The listed consequences on the form were "severe pain, worsening of condition, infection up to and including death." Judd claims that "this is now on the responsibility and liability of the federal courts."

An inguinal hernia from 2002, and a refusal of treatment form in 2009, do not show that Judd was in imminent danger of serious physical injury as of the time of the filing of the lawsuit in June of 2010. Judd has previously argued, unsuccessfully, that his hernia should qualify him for the "imminent danger" exception to 28 U.S.C. §1915(g). In Judd v. Lappin, slip op. no. 04-5337, 2004 WL 3019537 (C.A.D.C., December 30, 2004), the U.S. District Court for the District of Columbia stated that "likewise, although appellant argues that 28 U.S.C. §1915(g) does not apply in light of his hernia condition, this court has already held that the hernia does not satisfy §1915(g)'s imminent-danger provision. *See* Judd v. Lappin, No. 04-5186, unpublished order (D.C.Cir., November 22, 2004)."

In Judd v. Federal Election Commission, 311 Fed.Appx. 730, 2009 WL 423966 (5th Cir., February 20, 2009), Judd argued that he was a candidate for President of the United States, but that as a prisoner, he could not vote for himself. He argued that he was entitled to the imminent danger exception because of his hernia and threats from prison gang members, but the Fifth Circuit stated that "although it may be true that Judd is now under such a threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint."

Similarly, Judd's present complaint makes no mention of his hernia or of the medical treatment which he is receiving in Texarkana. Because these allegations do not relate to his complaint, the "imminent danger" exception does not apply. In addition, Judd's objections fail to show that he has satisfied the sanctions which he been imposed upon him, and in fact do not mention these sanctions beyond the wholly meritless contention that the Fifth Circuit cannot bar litigants in the district courts within its jurisdiction. Judd's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion for relief from judgment, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 40) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Movant's motion to alter or amend the judgment (docket no. 39) be and hereby is DENIED.

**SIGNED this 30th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE